In the Matter of the Assignment of NEIL McCALLUM *et al.* to GEORGE SILVER for the Benefit of Creditors. Application of CHARLES HAUSELT.

[SPECIAL TERM.]

(Decided February 3d, 1881.)

If an assignment for the benefit of creditors gives a preference to a debt which the assignor did not owe, it will be adjudged fraudulent in an action brought by a creditor, but in the absence of objections from creditors, the assignee is bound to pay the debt.

The assignee may show that the debt has been extinguished since the assignment was executed.

An assignment made a preferred debt of two notes made by the wife of one of the assignors. After the assignment went into effect, the holder of those notes surrendered them to the wife, and took in their stead the note of the insolvent assignors. No creditor had objected to the preference or to the assignment, and the holder of the note applied for an order to compel the assignee to pay the note as a preferred debt. *Held*, that unless the notes given by the wife were in force, the holder of the note given in their stead had no claim upon the estate ; and that until he had established by judgment his claim against the wife, he could get no aid from this court against the assignee.

APPLICATION by a creditor preferred in a general assignment for the benefit of creditors for payment of the preferred claim.

The application was made by Charles Hauselt upon a preference in the assignment made by Neil McCallum & Co., copartners, for the benefit of their creditors. The facts are stated in the opinion.

VAN HOESEN, J.—Neil McCallum & Co. owed Hauselt nothing, but Mary McCallum, Neil's wife, owed him the amount of two notes. Neil McCallum & Co. made an assignment for the benefit of creditors, in which they made Hauselt a preferred creditor for the amount of the notes which Mary

Matter of McCallum.

owed him. After this, an arrangement was made between Hauselt and Neil McCallum by which the notes of Mary were given up to Neil, who then gave Hauselt in lieu thereof a note made by the insolvent firm of Neil McCallum & Co. The giving of a preference to one whom the assignor does not owe —and that is the case presented to me—is a fraud on creditors; but it is for the creditors, and not for the assignee, to complain of the fraud. That the preference is fraudulent would be no reason for a refusal by the assignee to pay, if the creditors did not complain. A conscientious assignee might refuse to act, and call on the court for advice as to his duty; and the court might order payment to be suspended till the creditors had had an opportunity to acquaint themselves with the facts. The assignee in this matter thinks that Hauselt has been paid; and I am of the same opinion, notwithstanding Mr. Hauselt's legal conclusions to the contrary. If he has not been, let him establish his right to enforce the payment of the notes from Mary Mc Callum.

The matter may be summed up thus: What claim was preferred? A claim against Mary McCallum upon her two notes. Has Hauselt any claim now upon Mary McCallum? If he has, then, unless the creditors of Neil McCallum & Co. object, he has a claim upon the funds in the hands of the assignee; if he has not, it is because the notes of Mary McCallum have been extinguished by the transaction which took place between Neil McCallum and himself; and the assignee cannot be compelled to pay a debt which has been discharged since the execution of the assignment. But the burden of establishing the liability of Mary McCallum ought not to be thrown upon the assignee. Hauselt created the difficulty by his dealing with Neil McCallum after the assignment had been executed, and it is evident that he dealt with his eyes open, for he admits that he knew of the assignment, and upon him, therefore, should rest the responsibility of proving that the claim against Mary McCallum is still alive. The preference in his favor is only collateral security for the notes, if they be still outstanding as a claim against Mary McCallum, and there is no reason why he should not resort to the principal debtor

Matter of Fairchild.

before he attempts to enforce his doubtful claim against the surety. As I said before, if he has no claim against Mary Mc-Callum, he has no claim upon the assignee.

I shall deny the application, with $10 costs, with leave to renew it, after he has established his right to recover upon the two notes which he surrendered to Neil McCallum.

*Application denied, with costs, and with leave to renew.*